

PHILLIP A. TALBERT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR CELLULAR TELEPHONES ASSIGNED CALL NUMBERS 707-623-4641 AND 707-703-8558. | CASE NO. 2:16-SW-752 KJN<br><br>[PROPOSED] ORDER<br><br>**UNDER SEAL** |

**ORDER**

MICHELE BECKWITH, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone numbers described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation of unknown individuals in connection with possible violations of 18 U.S.C. § 1594(c), Conspiracy to Engage in the Sex Trafficking of Children.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that Federal Bureau of Investigation may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone

numbers described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

    a) IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

    b) Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number described in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

    c) IP addresses of any websites or other servers to which the cell phone device or devices connected; and,

    d) Source and destination telephone numbers and email addresses.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that MetroPCS and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Federal Bureau of Investigation reasonably compensate MetroPCS and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that MetroPCS and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Federal Bureau of Investigation of any changes relating to the cell phone number described in Attachment A, including changes to subscriber information, and to provide prior notice to the Federal Bureau of Investigation before terminating or changing service to the cell phone number;

IT IS FURTHER ORDERED that the Federal Bureau of Investigation and the applicant have

access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Federal Bureau of Investigation, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that MetroPCS and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that MetroPCS may disclose this Order to an attorney for MetroPCS for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the Federal Bureau of Investigation and MetroPCS upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: Nov. 30, 2016

Hon. Kendall J. Newman
U.S. MAGISTRATE JUDGE

## ATTACHMENT A

MetroPCS

| Facility | Subject of investigation, if known |
|---|---|
| 707-623-4641 | Monica Morales, aka Monica Merlin, Monica Merlin Morales, Monica M. Merlinmorales, and Monica Merlinmorales. |
| 707-703-8558 | Tion Makeise Foster |

ATTACHMENT A TO ORDER